FILED

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 NOV 16  AM 11: 04

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

ARTHUR KINLAW, 00-A-3863 and
MARY DOE, CHRISTEN KUZEMA and
LINDA DOE, deceased,

Plaintiffs,

-v-                                                  07-CV-574Sr

GEORGE E. PATAKI, GLENN S. GOORD          **ORDER**
and GILL ELLIS,

Defendants.

## INTRODUCTION

Plaintiff Arthur Kinlaw, currently confined at the Central New York Psychiatric Center at Marcy, New York has brought this action alleging various violations of his constitutional rights by former New York State Governor George Pataki, former New York State Department of Correctional Services ("DOCS") Director Glenn S. Goord and the former Chairman of the New York State Division of Parole Anthony G. Ellis (Docket No. 1), and has applied for leave to proceed in forma pauperis (Docket No. 2).[1] Plaintiff has also moved for the appointment of counsel (Docket No. 3) and for injunctive relief (Docket Nos. 4-6). For the reasons set forth

---

[1] The complaint caption names three other plaintiffs, who plaintiff Kinlaw indicates are deceased. Review of the body of the complaint indicates that the purported co-plaintiffs are the individuals who plaintiff murdered, as a result of which he is serving a term of twenty years to life. (Docket No. 1 [Complaint] at 11, ¶ 26).

below, the Court orders that the case be transferred to the Northern District of New York.

**VENUE**

Proper venue for federal question cases, such as the instant matter, is set forth in 28 U.S.C. § 1391(b), which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Court determines that because none of the conditions set forth in Section 1391(b) are satisfied, there is no basis for venue of this action in the Western District of New York. First, no defendant named in the complaint "resides" in the Western District of New York. "It is settled law that under § 1391 the 'residence' of public officers . . . means his or her 'official' and not 'actual' residence." Canaday v. Koch, 598 F. Supp. 1139, 1143 (E.D.N.Y. 1984) (citing Birnbaum v. Blum, 546 F. Supp. 2d 1363, 1366 (S.D.N.Y. (1982); see also Amador v. Superintendents of the Dep't of Corr. Services, 2005 U.S. Dist. LEXIS 20249, at *20-21 (S.D.N.Y. 2005); Baker v. Coughlin, 1993 U.S. Dist. LEXIS 12445, at *4 (S.D.N.Y. 1993). While the complaint indicates that the action is being brought against defendants Pataki and Ellis individually

2

as well as in their official capacities, and against defendant Goord solely in his individual capacity, it is clear that all three defendants are being sued "for acts of omission and commission while functioning as agents of the State of New York," and thus will be deemed to reside, for venue purposes, in the district in which they performed their official duties. Id.; see also Iman Saifuallah Akbar v. Cuomo, 1995 U.S. Dist. LEXIS 13007, at *3 (S.D.N.Y. 1995); Berry v. New York State Dep't of Correctional Servs., 808 F. Supp. 1106, 1108 (S.D.N.Y. 1992). All three defendants in the instant matter performed their official duties in Albany, as indicated in the complaint, which lists the "Executive Chamber" of the Governor in Albany as the address for defendant Pataki, and the Albany headquarters of the New York State Department of Correctional Services for defendant Goord and of the New York State Division of Parole for defendant Ellis. Albany is located in the Northern District of New York, and therefore, for purposes of venue, all three defendants are deemed to reside in the Northern District of New York. See, e.g., Baker v. Coughlin, 1993 U.S. Dist. LEXIS 12445, at *5 ("the Official Defendants [DOCS Commissioners, Deputy Commissioner and Chief Medical Officer], whose headquarters are in Albany, New York, reside in the Northern District of New York.").[2]

---

[2] The fact that all three defendants are *former* state officials who may now be residing outside of the Northern District of New York does not change the Court's conclusion that they are residents of the Northern District for purposes of venue. See Berry v. New York State Dep't of Correctional Servs, 808 F. Supp.

Second, venue in the Western District cannot be premised upon the ground that plaintiff's claims arose in the Western District. While plaintiff's rambling and discursive complaint, which includes extensive references to his history of psychiatric treatments and hospitalizations since 1969, contains allegations of wrongdoing against state offices and officials going back some thirty years, the Court's review of the complaint indicates that his claims against the defendants appear to relate to actions or failures to act taken with respect to him between 2003 and 2007, during times that he was incarcerated at the Clinton Correctional Facility, the Sullivan Correctional Facility and the Central New York Psychiatric Center (at which plaintiff is presently located). (Docket No. 1 [Complaint] at 11-18 ("Statement of Facts")). None of those facilities are located in the Western District; two are located in the Northern District (Central New York and Clinton), and one is located in the Southern District (Sullivan).[3]

28 U.S.C. § 1406(a) permits a court to transfer a case commenced in an improper venue to the district in which it could

---

at 1108-09 (although defendant correctional facility superintendent resided in the Southern District following his retirement, venue in the Southern District was improper where his official duties had been performed, at the time of the events sued upon, in the Northern and Western Districts); see also Iman Saifuallah Akbar, 1995 U.S. Dist. LEXIS 13007, at *3 (residence of former governor Cuomo for purposes of venue, was in the Northern District of New York (Albany), where he had performed his official duties).

[3] The "Statement of Facts" in the complaint makes a passing reference to two other facilities (the Mid-Hudson Psychiatric Center and the Wende Correctional Facility), but does not indicate that the actions plaintiff is complaining about occurred at those facilities.

4

have been brought if such is "in the interests of justice." Inasmuch as all three defendants are located in the Northern District of New York, and the majority of the events which appear to give rise to the plaintiff's claims occurred when plaintiff was incarcerated in facilities located in the Northern District, this action will be transferred to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). See Crosby v. O'Connell, 2007 U.S. Dist. LEXIS 67131 (W.D.N.Y. 2007), and cases cited therein (prisoner civil rights action transferred to the Northern District of New York where "most of the actionable underlying events giving rise to plaintiff's claims" occurred while he was incarcerated in correctional facility located in the Northern District). The determination of the plaintiff's motion for permission to proceed *in forma pauperis*, and his motions for injunctive relief and for the appointment of counsel will be left to the transferee court to address.

IT HEREBY IS ORDERED, that this action is transferred to the United States District Court for the Northern District of New York.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   November 15, 2007
         Rochester, New York